WILSON v. J. HARRY HAFF CO. et al.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

NEGLIGENCE (§ 134*)—INJURIES TO TRAVELERS—EVIDENCE.

    In an action for injuries to plaintiff while walking along a sidewalk by being struck by a sugar barrel rolled along a skid from a truck to the sidewalk, evidence *held* insufficient to connect defendant, or any of its employés, with the occurrence, and therefore not to sustain a verdict against it.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

Appeal from City Court of New York, Trial Term.

Action by Carrie Wilson against the J. Harry Haff Company and the Ragus Tea & Coffee Company. Judgment for plaintiff, and defendant Ragus Tea & Coffee Company appeals. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of New York City, of counsel), for appellant.

James A. Donegan, of New York City, for respondent.

PAGE, J. Plaintiff was injured through being struck by a sugar barrel which was being rolled or slid along a skid to the sidewalk from the truck of the Haff Company for delivery to the Ragus Company.

The defendant Ragus Company rested on the plaintiff's case. The plaintiff herself did not see the persons who lowered the barrel. The driver of the wagon was not produced, nor his absence explained. Haff, the proprietor of the Haff Company, testified that he saw the accident from the opposite side of the street; that two laborers were assisting in the removal of the barrels; but that he was unable to identify either. The only witness produced by plaintiff who knew what had happened were: (a) Piersanti, a peddler with a push-cart, who testified that he occasionally helped generally about defendant's place in return for their allowing him to peddle in front thereof. He said that he had been helping to remove barrels from this truck, but, at the time when this barrel was being moved, he was selling tomatoes from his push-cart to a customer, and that he saw this barrel roll and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the driver of the truck rolled it to the skid and let it go.  (b) Anderson, a "checker" of defendant, who testified that Piersanti was four feet away from the truck when this barrel came down.  He thought that Piersanti was about to wait upon a customer at that time.

There being no testimony in the case from which the jury could connect defendant or any of its employés with the occurrence, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.